RECEIVED
IN ALEXANDRIA, LA.

MAY 2 3 2014

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| RAYFIELD J. THIBEAUX,<br>    Plaintiff | CIVIL ACTION<br>NO. 1:14-CV-0835 |
| VERSUS | |
| THOMAS THOMPSON, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

On April 17, 2014, Thibeaux, a non-prisoner, filed a motion to proceed in forma pauperis in his Federal Tort Claims action. The named defendants are Thomas Thompson (Assistant U.S. Attorney in the Western District of Louisiana), and Tabitha Tobias and Sarah Holmes (deputy clerks of court for the U.S. Fifth Circuit Court of Appeals). Thibeaux, who is on probation, claims Thompson (with Dr. Desport, a psychologist) "used an illegally implanted surreptitious monitoring device [inserted in the left side of Thibeaux's buttocks] to bring Fraud upon the court," and that Tobias and Holmes "hindered and obstructed Justice" and "they too used this surreptitious device" and conspired with Thompson. Thibeaux contends he is "being used in some kind of political scheme to bring down civil rights and shame AMERICA." Thibeaux contends the monitor is part of a monitoring system used at the Eastern Louisiana Mental Health System-Jackson Campus forensic unit, to

remotely monitor their patients' mental health.

Thibeaux filed a motion to proceed in forma pauperis ("IFP") (Doc. 2) and a motion to have the U.S. Marshal serve the summonses and complaint on the defendants (Doc. 4).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(1) (2012), a non-prisoner litigant may qualify for IFP status after submitting an affidavit listing all assets and anticipated expenses and substantiating his inability to pay. When a non-prisoner litigant is granted IFP status, he is excused from prepayment of filing fees. DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). A district court has discretion to grant or deny IFP status and must base its decision on "the poverty and good faith of the applicant and the meritorious character of the cause." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir.1980), quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915). The PLRA provides that, notwithstanding any portion of the filing fee paid by the plaintiff, the district court "shall dismiss" a case brought IFP if it determines "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (2012). A lawsuit shall also be dismissed pursuant to 28 U.S.C. § 1915(e)(2) (B) if: (1) it is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies to both prisoner and

non-prisoner in forma pauperis cases.  See Newsome v. EEOC, 301 F.3d 227, 231-33 (5th Cir. 2002); Hayes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997).

Based on Thibeaux's application and affidavit, Thibeaux does not have the ability to pay the filing fee and costs in this case. Therefore, Thibeaux's motion to proceed in forma pauperis will be granted pursuant to 42 U.S.C. § 1915(a) if the court determines, after construing Thibeaux's pro se complaint liberally, that there is an arguable basis for his claims in law and fact.  42 U.S.C. § 1915(e).

To sue successfully under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, a plaintiff must name the United States as the *sole* defendant.  McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).  In the case at bar, Thibeaux has named three federal officers as defendants,[1] but has not named the United States as a defendant as required for a suit under the FTCA.

Moreover, under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency.  Furnishing notice is a

---

[1] A plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Therefore, a suit for damages against Thompson, Tobias and Holmes must be filed pursuant to Bivens, rather than the FTCA.

jurisdictional prerequisite to filing suit under the FTCA. A claimant gives proper notice, within the meaning of Section 2675(a), only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. No particular method of giving notice is required. The usual method, however, is by filing a Form 95 with the agency. A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b). Cook v. United States, 978 F.2d 164, 165-166 (5th Cir. 1992), and cases cited therein. The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. U.S., 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993).[2]

There is no evidence in the record before the court that Thibeaux exhausted his administrative remedy prior to filing this suit against the United States. This requirement cannot be waived. Price v. U.S., 69 F.3d 46 (5th Cir. 1995), citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993). Therefore, this court lacks subject matter jurisdiction to consider the merits of Thibeaux's FTCA claim against the United States.

Since Thibeaux has failed to name the United States as the

---

[2] The FTCA exhaustion requirement is set forth in 28 U.S.C. § 2675(a).

sole defendant and has not shown that he has exhausted his administrative remedies, his FTCA suit is clearly without merit. Therefore, Thibeaux's motion to proceed IFP (**Doc. 2**) is **DENIED**, and Thibeaux's motion to have the U.S. Marshal serve the summonses and complaint (**Doc. 4**) is **DENIED**.

Thibeaux must pay the filing fee in this case **on or before June 23, 2014.** Failure to do so may result in dismissal of the case.

Thibeaux's motion to file this suit (**Doc. 3**) is **DENIED AS MOOT** because the suit has been filed.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 22nd day of May 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE